EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO TRINIDAD RAMÍREZ, acusado y apelante.

No. 5500.—*Sometido:* Mayo 22, 1934. *Resuelto:* Junio 20, 1934.

**6**

*Juan Valldejuli*, abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Francisco Trinidad Ramírez fué acusado ante la Corte Municipal de Bayamón de un delito de exposiciones deshonestas cometido como sigue:

"Que en 8 de noviembre—2:30 P. M., 1933—y en la Calle Dr. Barbosa de Bayamón, P. R., del Distrito Judicial Municipal de Bayamón, P. R., que forma parte del Distrito Judicial de Bayamón, P. R., el referido acusado Francisco Trinidad Ramírez allí y entonces, de una manera ilegal, voluntaria y maliciosa, de una manera lasciva, se sacó el pene y se masturbaba en presencia de varias personas, entre ellas varias niñas estudiantes del Colegio 'Santa Rosa' cuyos actos lascivos molestaban y ofendían a los que observaban esto; . . ."

Hizo la alegación de inocente. Fué condenado por la corte municipal. Apeló para ante la de distrito. Se celebró el juicio de nuevo y la corte de distrito lo declaró culpable y lo condenó a sufrir cinco meses de cárcel y a pagar las costas. Apeló para ante esta Corte Suprema y señala en su alegato la comisión de cinco errores.

Sostiene por el primero que los hechos imputádosle no

son constitutivos de delito por no alegarse que se realizaron en un sitio público.

No estamos conformes. La ley aplicable es el artículo 283 del Código Penal que en lo pertinente dice:

"Art. 283.—Toda persona que voluntaria y lascivamente:

"1.—Expusiere su persona o partes pudendas en cualquier sitio público, o donde se hallaren presentes otras personas, a quienes tal exposición pudiere ofender o molestar; . . .

    *      *      *      *      *      *      *

será reo de 'misdemeanor'."

Como se ve, el delito puede cometerse en público, o donde se hallaren presentes otras personas a quienes tal exposición pudiere ofender o molestar, elemento que según la jurisprudencia convierte el sitio en público, y aquí la denuncia alega que los hechos se realizaron en presencia de varias personas, entre ellas de varias niñas estudiantes del Colegio "Santa Rosa" a quienes molestaban y ofendían.

En el caso de *Van Houten* v. *State,* 46 N. J. Law, 16, 50 Am. Rep. 397, la corte, al rendir su decisión, se expresó así:

"Si la relación de los testigos de cargo en este caso fué cierta, no puede haber duda de que en un sentido legal el acto fué llevado a cabo en un sitio público. Aceptando esa versión como cierta, el acusado expuso su persona en tal forma que podía ser vista desde las ventanas de las dos casas que estaban a pocos pies del sitio del suceso. Si la ley fuera que un hombre pudiera lascivamente exponer su persona desnuda a los habitantes de esas dos casas, según fué dicho en el caso de Regina v. Holmes, 6 Cox C. C. 216, 'éste no sería un país propio para vivir, si tal ultraje pudiera llevarse a cabo impunemente.'

"De acuerdo con la ley que rige este delito, el sitio se considera como público si la exposición deshonesta es tal que pudiera haber sido vista por un número casual de observadores."

■ Por el segundo error se sostiene que la corte actuó sin jurisdicción porque no se probó que el sitio en que se realizaron los hechos que se imputan al acusado estuviera dentro del Distrito Judicial Municipal de Bayamón. Hemos leído las declaraciones de los testigos Rafael Milán y Justino

Santiago y de ellas se infiere que el hecho se cometió frente al Colegio Santa Rosa, de Bayamón, y ello es bastante. No existe el error.

■ El tercer error se cometió a juicio del apelante por la corte de distrito al no declarar con lugar su objeción con respecto a los motivos por los cuales los agentes de la Policía Insular se situaron en las persianas del colegio para observar lo que pudiera hacer el acusado.

El error se funda en que durante el juicio el juez preguntó al policía Santiago: "¿Por qué se situaron ustedes allí para ver eso?" y el testigo contestó: "A virtud de una queja del Colegio de Santa Rosa, que unas niñas se le habían quejado." La defensa entonces manifestó: "Nos oponemos," y la corte dijo: "Es solamente para la corte tener una idea de por qué estaban allí estos dos testigos. Es decir, para evitar una sorpresa a la corte."

El acusado tomó excepción y ahora alega que la "actitud de la corte demuestra que ya tenía la intención de castigar a este acusado cuando se manifiesta en la forma que hemos dicho, . . ."

No creemos que hubo error. El acusado sólo podía ser condenado si se demostraba la comisión del delito actual imputádole. La corte tenía derecho a averiguar por qué estaban en el colegio los policías. Así podría apreciar mejor sus declaraciones, sin que ello quiera decir que fuera a juzgar al acusado por hechos anteriormente cometidos.

■ Los errores cuarto y quinto pueden estudiarse conjuntamente. Van a los méritos del caso y al alcance y peso de la prueba.

Sólo dos testigos declararon por parte del Pueblo, Rafael Milán y Justino Santiago, cabo el primero y detective el segundo, de la Policía Insular.

Declaró Milán que conoce al acusado y lo vió en Bayamón, Calle Barbosa, el 8 de noviembre de 1933 con motivo de cierta queja que dieron las Hermanitas. . . No siguió declarando

en esa línea por haberse opuesto el acusado. Dijo luego, textualmente: "Que el detective Santiago y yo nos instalamos en el Colegio Santa Rosa y por una persiana que hay, pudimos observar que en una casa que queda frente al Colegio, que está en ruinas por el ciclón, este individuo entre dos y tres de la tarde mientras se celebraba una clase en uno de los salones que dan frente a la Calle de Barbosa, este individuo se metió en esa casa y se sacó el pene y se masturbaba." Describe la casa en que se encontraba el acusado como una casa en ruinas a virtud del ciclón sin techo ni puertas, pudiendo verse al acusado desde dentro del colegio de niñas a través de las persianas y por consiguiente desde la calle.

El otro testigo declaró substancialmente lo mismo. Las contradicciones que advierte el apelante entre ambas declaraciones son explicables fácilmente.

Terminada la prueba, el acusado por medio de su abogado se dirigió a la corte como sigue:

"Solicitamos la absolución del acusado de acuerdo con la ley porque no se ha probado que él voluntariamente lo hiciera para exponer sus partes lascivamente; no se ha demostrado que ninguna otra persona lo viera; solamente lo vieron estos dos policías que expresamente se situaron allí para ver eso voluntariamente. La primera cuestión, Sr. Juez, es que la ley exige que sea en un sitio público; nosotros sostenemos que tal como está la prueba no se ha cubierto el requisito que determina la ley de exponer sus partes pudendas en cualquier sitio público; no se ha demostrado que eso fuera un sitio público, sino que es una casa particular. Y, segundo, en cuanto a las personas que se hallaban presentes lo que se ha demostrado es que allí había dos detectives que fueron expresa y voluntariamente a buscar eso."

El juez desestimó la moción de *nonsuit*. Declaró en su favor el propio acusado. Dijo:

"Fué un muchacho a buscarme ese día para ir a la Rehabilitación y le dije: 'Espérame ahí enfrente que voy a preparar el baño,' y cuando voy a buscar un cajón en la misma casa, fué que venía el Cabo y me entró a palos sin hacer nada; me dijo: 'Bandido, te

estaba velando.' . . . No estaba exponiendo mis partes pudendas a alguna persona o a alguien allí . . . solamente. fuí a buscar un cajón para el baño, como no hay nada más que dos camas allí, la de Ángel Felipe y la mía . . . Aseguro a la Corte que vivo en ese sitio.''

Y así sometido el caso, la corte dictó la sentencia recurrida.

Que la exposición deshonesta tuvo lugar, es evidente, resuelto como fué el conflicto de la prueba en contra del acusado, y que lo fué en un sitio público de acuerdo con la jurisprudencia, es también evidente si se considera el estado de la casa en que se encontraba el acusado. Si pudo ser visto desde el colegio, situado al frente, pudo serlo mucho más por todas las personas que caminaran por la calle.

Es cierto que no hubo prueba de que fuera visto por determinadas niñas del colegio, pero sí se demostró que fué visto por los testigos que declararon y que pudo serlo por las niñas del colegio apenas dirigieran su mirada hacia el sitio en que el acusado se encontraba.

Por el hecho de que las personas que lo vieron fueran policías, no creemos que puede sostenerse que no pudieran ser por lo menos molestadas por el acto del acusado. Tampoco creemos que por la circunstancia de haber ido dichas personas al colegio expresamente a investigar el caso, deba concluirse que no pudieran ser ofendidas o molestadas. El cumplimiento del deber los llevó allí, pero ello no quiere decir que porque estaban cumpliendo con su deber dejaran de sentir la reacción natural de ofensa o molestia que a toda persona normalmente decente produce la vista de un acto tan indecoroso como el realizado por el acusado frente a un colegio de niñas.

*Debe confirmarse la sentencia recurrida.*